**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-00583-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Christian Kilo Vela, | |
| Defendant. | |

Before the Court is Defendant Christian Kisto Vela's Notice of Eligibility for a Sentence Reduction under 18 U.S.C. § 3582(c) and U.S.S.G. § 4A1.1(d) based on Amendment 821 to the U.S. Sentencing Guidelines ("U.S.S.G."). (Doc. 44). The Government filed a Response opposing the Notice and Defendant Vela's request for a reduced sentence. (Doc. 52). No Reply was filed. For the foregoing reasons, the Court denies Defendant Vela's Notice, which it construes as a Motion to Reduce Sentence.

## I.   Background

1. Facts

A Complaint was filed on April 12, 2014 alleging that Defendant Vela unlawfully caused the death of the victim with the use of a firearm. (Doc. 1). On April 23, 2014, the Defendant was indicted by a grand jury with committing offenses of: 1) First Degree Murder (18 U.S.C. §§ 1153 and 1111); 2) Use of a Firearm in a Crime of Violence (18 U.S.C. § 924(c)(1)(A)), and 3) Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1)). (Doc. 9). On April 25, 2014, the Defendant pled not guilty to the charges in the Indictment

and was detained pending trial.

The Government states that the facts include that the Defendant shot the victim several times, causing the victim to fall to the ground. (Doc. 45 at 2). Then, the Defendant stood over the victim and shot him several more times. (*Id*.). A witness was shot while trying to deflect the defendant from shooting the victim. (*Id*.). The Defendant was on probation with a county court at the time he committed the offenses. (Doc. 47 at 2).

2. Defendant's Plea Agreement and Sentence

On October 14, 2014, Defendant Vela entered a guilty plea to a lesser included charge of Count 1, Second Degree Murder, having a statutory maximum term of life imprisonment. (Doc. 30). In his plea agreement, the Defendant admitted that "[he] was in an argument with the victim, on the Gila River Indian Community . . . [he] pulled out a .40 caliber Glock and shot the victim several times. The victim died from multiple gunshot wounds." (Id. at 6). The Defendants plea agreement included a Fed.R.Crim.P. 11(c)(1)(C) agreement that "[he]shall be sentenced to 18 years confinement." Thus, binding this Court to his agreement and its terms.

Defendant Vela's plea agreement included a "Waiver of Defenses and Appeal Rights" in which he "waives . . . any right to file an appeal, any collateral attack, and any other writ of motion that challenges . . . any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) . . . and any right to file a motion for modification of sentence, including under Title 18, U.S.C. §3582(c)." (*Id*. at 3 ¶ 5). Defendant Vela's waiver of appeal rights concludes that "[t]his waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging" his sentence in this case. (*Id*.).

On January 12, 2015, this Court accepted the Defendant's plea agreement and sentenced him to 216 months (18 years) in accordance with that agreement. The Court also imposed a five-year term of supervised release upon his release from custody.

///

II.    **Analysis**

Notwithstanding that Defendant Vela agreed to a sentence of eighteen years in custody and agreed to waive his right to appeal or modify his sentence, he now seeks a sentencing reduction of twenty-three months. (Doc. 44 at 2).  His request is based on the U.S.S.G. amendment which eliminated status points for person with 6 or fewer criminal history points.  He says that the Sentencing Commission determined that these additional points "only minimally improve the criminal history score's successful prediction of rearrest by 0.2 percent." Therefore, '[t]he addition of these points was therefore inconsistent with the mission of the Sentencing Commission to promulgate Guidelines that were empirically justified, and a sentence reduction in this case is consistent with sound sentencing policy." (*Id.* at 2-3). The Court disagrees.

First, district courts are generally prohibited from modifying a term of imprisonment once it has been imposed.  18 U.S.C. § 3582(c).  When an amendment to the sentencing guideline applies retroactively, a court may reduce a sentence if it was "based on a sentencing range that has been subsequently lowered by the Sentencing Commission." *Huges v. United States*, 584 U.S. 675, 675 (2018). Here, the Defendant's original sentencing guideline range was based on a Total Offense Level 35 and Criminal History Category III resulting in a sentencing guideline range of 210 to 262 months in custody. (Doc. 32 at 16).  Applying the revised criminal history computation scheme, the Defendant's Total Offense Level remains 35 but his Criminal History Category is reduced to II resulting in a sentencing guideline range of 188 to 235 months in custody.  (Doc. 47 at 2).  Though resulting in a lower sentencing guideline range, his stipulated eighteen-year sentence (216 months) for committing Second Degree Murder, falls within that reduced range.

Second, this Court found that the Defendant knowingly and intelligently entered into a plea agreement that included a binding sentencing agreement of eighteen-years in custody.[1]  And, in accepting the parties plea agreement, the Court considered all of the

---

[1] Upon sentencing the Defendant, the Government moved to dismiss all remaining counts in the Indictment and the Court so Ordered.

- 3 -

sentencing factors in 18 U.S.C. § 3553(a).  Among the Court's considerations were his prior criminal history which included multiple assaults, that he was under a criminal justice sentence in a county court, his need to address illegal substance use and a finding that he poses a danger to others.

The Government opposes any reduction in sentence, in part, explaining that he continues to be a danger while incarcerated.  (Doc. 45 at 2) (Exh. 45-1).  Although concerning, that new conduct does not weigh into the Court's decision here. However, it elucidates that the Defendant, by his own conduct, may be jeopardizing his opportunity to receive "good-time"  credit resulting in a release date sooner than his eighteen-year term.

**A. Conclusion**

The Court will not apply its discretion to revisit Defendant Vela's sentence under section 3582(c)(2).  Nothing in the Notice or revised sentencing guideline calculation changes the Court's sentencing considerations. The parties must each abide by the promises made in their plea agreement. Therefore,

**IT IS ORDERED** denying the Defendants Notice (Doc. 44) which the Court construes as a Motion to Reduce Sentence under 18 U.S.C. § 3582(c).

Dated this 9th day of July, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 4 -